IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY BLAKE LOWREY, a/k/a<br>Jamil Kaza Blnk El Bey, | : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| vs. | : <br> : | CASE NO. 5:14-CV-349-CAR-MSH |
| JUDGE MARC TREADWELL, the<br>UNITED STATES OF AMERICA, and<br>A. STAPLETON, | : <br> : <br> : | |
| Defendants. | : | |

_____

### ORDER

Anthony Blake Lowrey, who is currently being detained at the Barrow County Jail in Winder, Georgia, filed in this Court what is construed to be a complaint pursuant to 42 U.S.C. § 1983. Lowrey did not pay the filing fee or seek leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). The Court assumes for purposes of this Order that Lowery wishes to proceed *in forma pauperis*.

### ANALYSIS

Under the "three strikes rule" of the Prison Litigation Reform Act, a prisoner may not bring a civil action *in forma pauperis* if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" because it was "frivolous, malicious, or fail[ed] to

state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Lowrey has filed several lawsuits in the Northern and Middle Districts of Georgia, and at least three of those complaints have been dismissed under circumstances that constitute "strikes" for purposes of § 1915(g).[1] *See* Order Dismissing Compl., *Lowrey v. Barrow County*, ECF No. 8 in 2:08-CV-257-RWS (N.D. Ga. Mar. 2, 2009); Order Granting Mot. to Dismiss, *Lowrey v. Elliott*, ECF No. 32 in 3:07-CV-113-CDL (M.D. Ga. Jan. 5, 2009); and Order Dismissing Compl. as Frivolous, *Lowery v. Barrow Cnty.*, ECF No. 27 in 2:08-cv-171-WCO (N.D. Ga. Nov. 26, 2008). Plaintiff has had other complaints dismissed based on the "three strikes" rule: Order Dismissing Compl., *Lowrey v. Clayton Cnty.*, ECF NO. 7 in 3:14-cv-68-CDL (M.D. Ga. Aug. 13, 2014) and Order Dismissing Compl., *Lowrey v. Brown*, ECF No. 4 in 3:10-cv-100-CAR (M.D. Ga. Dec. 21, 2010).

Because Lowrey has at least three strikes, he cannot proceed *in forma pauperis* in this case unless he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). To qualify for this exception, Lowery must show that he is in imminent danger. *Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999). A prisoner's "allegation that he faced imminent danger sometime in the past" is not enough to meet

---

[1] Anthony Blake Lowrey uses the following aliases: Anthony Blake Lowery, Kyle Anthony Lowery, Mark Blake Young, and Jamil Kaza Blnk El Bey. *See* Compl. Attach. 1 at 4, ECF No. 1 (listing name as Jamil Kaza El Bey and Anthony Blake Lowery).

this requirement.  *Id.*   In his pleading, Lowrey states that "this complaint is made in direct connection of writ of habeas corpus petition in June 2011 Lowery v. Perry Case # 5:11cv219 where Macon 'Court' officers Treadwell and Stapleton did blatantly & intentionally violate [Plaintiff's] rights."  Compl. 1, ECF No. 1.  The complaint further alleges that the "'Judges' committed fraud against [him] by changing [his] identity to then arrest [his] rights to keep [him] a slave."  Even construing Lowrey's complaint liberally in his favor, it is clear that these allegations do not satisfy the imminent danger exception.  As such, Lowrey's pleading must be dismissed.

Based on the foregoing, Lowrey may not proceed *in forma pauperis* and this action is DISMISSED WITHOUT PREJUDICE.  If Lowrey wishes to bring a new civil rights action, he may do so by submitting a new complaint form and paying the full filing fee.

So ORDERED this 10th day of December, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lws